COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-054-CR
  
  
JORGE DIAZ GARCIA A/K/A JORGE 
DIAZ                                 APPELLANT
   
V.
   
THE STATE OF TEXAS                                                                  STATE
   
------------
 
FROM THE 213TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Jorge Diaz Garcia a/k/a Jorge Diaz of aggravated sexual 
assault of L.M., a child under fourteen, and assessed his punishment at fifteen 
years’ imprisonment. The parties are familiar with the facts of this case, and 
the applicable law is well-settled. We will affirm.
        In 
two points, Appellant challenges the legal and factual sufficiency of the 
evidence with respect to his identity as L.M.’s assailant.[2]  
Specifically, Appellant directs us to the testimony of L.M., in which she stated 
that she did not see the face of the man who assaulted her.[3]  
Appellant also points out that once when the State asked L.M. whether she was 
sure Appellant was her assailant, she responded, “Yes, kind of.”
        We 
have carefully examined all of the evidence in the record concerning 
Appellant’s identity as L.M.’s assailant. On the night of September 23, 
2000, eight-year-old L.M. slept, as she often did, on the kitchen floor outside 
of her mother and Appellant’s bedroom. Appellant, his cousin Yayo, L.M., 
L.M.’s mother Ines, and L.M.’s brother Edgar stayed at the house that night.
        L.M. 
testified that during the night she was awakened by Appellant rubbing her 
“private part” under her clothes with his hand and licking it with his 
tongue. L.M. testified that she was scared, so she acted like she was asleep. On 
cross-examination, L.M. testified that she kept her eyes closed most of the 
time, although she stated that she “opened them a little bit.” She testified 
that, while it was dark in the kitchen, because her mother’s bedroom door was 
halfway open, light from the outside shone in the kitchen. L.M. said her 
assailant was wearing shorts but no shirt.
        L.M. 
admitted that she never saw the face of the person who touched her but that 
“[she] only saw his short hair” and the shape of his face. According to L.M., 
she was able to identify Appellant as the person who touched her mainly because 
of his hair. L.M. testified that Appellant had short hair and that Yayo’s hair 
was “like to his neck.” She also said that the assailant’s head was shaped 
similar to Appellant’s head. L.M. testified that when the person left her, he 
went back into her mother’s bedroom.
        On 
redirect examination, L.M. identified Appellant as the person who touched her 
and ruled out Edgar and Yayo in the following exchange:
  
[State]: Are you sure that it 
was [Appellant] who both licked you and touched you on your private part that 
night.
 
[L.M.]: Yes, kind of.
 
[State]: When you say kind of, 
I want to make sure . . . that you understand what we’re saying. Do you think 
it was Yayo who touched or licked you that night?
 
[L.M.]: No.
 
[State]: Do you think that it 
was Edgar who touched or licked you that night?
 
[L.M.]: No.
 
[State]: Are you sure that it 
was [Appellant] that touched and licked you that night?
 
[L.M.]: Yes.

        Appellant 
took the stand in his own defense and denied sexually assaulting L.M.
        Upon 
reviewing the evidence under the applicable standards of review,[4]  giving due deference to the factfinder’s 
determinations, we conclude that the evidence presented at trial was both 
legally and factually sufficient to establish that Appellant was the person who 
sexually assaulted L.M.
        We 
overrule Appellant’s two points and affirm the trial court’s judgment.
  
  
                                                          PER 
CURIAM
 
PANEL F:   GARDNER, 
J.; CAYCE, C.J.; and McCOY, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 29, 2004
 

NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) 
(setting forth legal sufficiency standard of review); Johnson v. State, 
23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (discussing legal and factual sufficiency 
standards of review); Clewis v. State, 922 S.W.2d 126, 132-34 (Tex. Crim. 
App. 1996) (same).
3. 
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (stating 
that a proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal).
4. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Johnson, 23 
S.W.3d at 8-9; Clewis, 922 S.W.2d at 136.